Filed 5/14/15  Calloway v. Baker CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| JAMISI J. CALLOWAY,<br><br>       Plaintiff and Appellant,<br><br>v.<br><br>FRED S. BAKER,<br><br>       Defendant and Respondent. | A141227<br><br>(San Francisco County<br>Super. Ct. No. CGC13532880) |

Plaintiff and appellant Jamisi J. Calloway (appellant) appeals from the judgment entered by the trial court following its order sustaining a demurrer filed by defendant and respondent Fred S. Baker (respondent).  We affirm.

BACKGROUND

In December 2002, appellant was sentenced to 30 years and 4 months to life in prison following a jury verdict convicting him of attempted voluntary manslaughter (Pen. Code §§ 192, 664),[1] assault with a semi-automatic firearm (§ 245, subd. (b)), and two counts of attempted carjacking (§§ 215, 664).

Respondent represented appellant in post-conviction proceedings.  In August 2005, the judgment was affirmed on direct appeal and a petition for habeas corpus was denied.  In June 2006, appellant's petition for habeas corpus was denied by the California Supreme Court.  In October 2009, a petition for habeas corpus was denied in the federal district court for the Northern District of California.

---

[1] All undesignated statutory references are to the Penal Code.

1

In December 2011, appellant filed another petition for habeas corpus, this time in the Contra Costa County Superior Court and apparently represented himself. Appellant contended his trial and appellate counsel were ineffective and "the gunshot wound to the victim did not provide an evidentiary basis for a finding of the infliction of great bodily injury." The superior court acknowledged trial counsel's "well documented substance abuse problems," but found trial counsel "provided professionally competent representation." Regarding appellate counsel, the superior court stated, "the docket shows appellate counsel took numerous steps to obtain a complete record on appeal and . . . the opening brief was filed only after the record was completed." The court also concluded appellant's claim regarding the great bodily injury enhancement was without merit.[2]

In March 2012, the parties participated in non-binding fee arbitration through the State Bar of California. In August, the arbitrator found respondent had failed to obtain a complete record and develop appellant's claim of ineffective assistance of trial counsel, and directed respondent to refund $10,000 to appellant.[3]

In July 2013, appellant filed suit against respondent alleging a cause of action for "General Negligence." He alleged respondent represented him in post-conviction proceedings and was negligent in failing to adequately investigate the record. He requested $250,000 in damages and an additional $150,000 in exemplary damages.

In August 2013, respondent filed a demurrer to the complaint. He contended the complaint failed to state a claim for legal malpractice under *Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194 (*Coscia*), and the complaint was time barred under the applicable statute of limitations. In October 2013, the trial court sustained the demurrer without leave to amend. In January 2014, the court entered judgment in favor of respondent. This appeal followed.

---

[2] Appellant subsequently made further efforts to overturn his conviction; it is not necessary to detail those herein.

[3] Appellant's brief asserts that respondent successfully petitioned to vacate the award, although any such ruling is not part of the record in the present appeal.

DISCUSSION

" 'On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether the complaint states a cause of action as a matter of law.' " (*Los Altos El Granada Investors v. City of Capitola* (2006) 139 Cal.App.4th 629, 650.) Where the trial court has sustained a demurrer without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; accord *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

In his brief on appeal, appellant contends the trial court erred in sustaining the demurrer because the complaint was not untimely. He argues that Code of Civil Procedure section 352.1, subdivision (a) provides for tolling of the statute of limitations for legal malpractice actions in Code of Civil Procedure section 340.6.

We need not determine whether appellant's action was timely, because the trial court properly sustained the demurrer under *Coscia*, *supra*, 25 Cal.4th 1194, and its progeny. As explained in *Khodayari v. Mashburn* (2011) 200 Cal.App.4th 1184, 1189, "When a former criminal defendant sues his or her attorney for legal malpractice resulting in conviction, the former defendant's actual innocence of the underlying criminal charges is a necessary element of the cause of action. [Citation.] Moreover, the 'plaintiff must obtain postconviction relief in the form of a final disposition of the underlying criminal case—for example, by acquittal after retrial, reversal on appeal with directions to dismiss the charges, reversal followed by the People's refusal to continue the prosecution, or a grant of habeas corpus relief—as a prerequisite to proving actual innocence in a malpractice action against former criminal defense counsel.' " (See *Coscia*, at pp. 1199–1205.)

Appellant does not contend the complaint adequately alleged a cause of action for legal malpractice under *Coscia*, *supra*, 25 Cal.4th 1194, and its progeny, and he does not

3

contend the defect can be remedied by amendment of the complaint. Any such contentions have been forfeited. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.)

## DISPOSITION

The trial court's judgment is affirmed. Costs on appeal are awarded to respondent.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

NEEDHAM, J.